UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTORIA ERICKSON | CIVIL ACTION |
| VERSUS | |
| PNK (BATON ROUGE) PARTNERSHIP<br>D/B/A L'AUBERGE CASINO & HOTEL | NO. 19-00451-BAJ-SDJ |

### ORDER

Before the Court is **Plaintiff's Motion to Strike New Arguments Raised in Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Alternatively Motion for Leave to File a Response to the Newly Asserted Grounds for Summary Judgment Contained in Said Reply (Doc. 45)**. The Motion is opposed in part. (Doc. 47). For the written reasons assigned, Plaintiff's Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff brought this action asserting an alleged interference with her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*("ADA"). (Doc. 25, at ¶ 1). Specifically, Plaintiff alleges that Defendant unlawfully suspended her in retaliation for her attempt to assert her rights under the FMLA when she met with Human Resources to prevent Defendant from enforcing a policy that allegedly was in violation of the FMLA. (*Id.* at ¶ 10-14). Plaintiff acknowledges that she did not lose any wages, salary, or benefits as a result of her suspension, but argues that she

1

should be permitted to recover attorney's fees for the legal assistance she sought in her attempt to prevent Defendant from enforcing the policy. (Doc. 43, p. 9)

Defendant filed its Motion for Summary Judgment on September 30, 2020. (Doc. 40). The Motion primarily focused on the eventual termination of Plaintiff's employment; however, the motion also describes Plaintiff's suspension. (*See* Doc. 40-1, p. 1; Doc. 40-1, p. 6; Doc. 40-2, p. 32; Doc. 40-4, at ¶ 17; Doc. 40-5, at ¶ 14). Most notably, in Defendant's Statement of Uncontested Material Facts it is asserted that "[a]ll discipline, including [Plaintiff's] suspensions and termination, were due to her misconduct at work and repeated instances of gambling irregularities." (Doc. 40-5, at ¶ 18).

Plaintiff filed her Memorandum in Opposition on November 10, 2020, following an extension of time from this Court. (Doc. 43). Plaintiff clarified that "[t]he only allegations surrounding this lawsuit are in reference to Plaintiff's one-week suspension that occurred on February 21, 2018, not her termination that later occurred in July of 2018." (Doc. 43). Following this clarification, Defendant filed its Reply on November 24, 2020. (Doc. 44). Defendant's reply introduces no new evidence or exhibits, but rather pivots all the arguments that were applied to Plaintiff's entire employment history, including her termination, to her suspension only.

Plaintiff now asserts that Defendant has presented new grounds for summary judgment in its Reply, such that "Defendant's reply brief. . . is tantamount to an entirely new Motion for Summary Judgment." (Doc.45-1, p. 4). Plaintiff requests that the Court strike the alleged new arguments or, in the alternative, permit Plaintiff to

file a Sur Reply. (Doc. 45). Defendant asserts that its arguments are not new and are within the bounds of acceptable responses to an opposition memorandum. (Doc. 47, p. 3). Defendant also argues that Plaintiff's requested relief, striking the arguments, is procedurally improper and that Plaintiff should instead file a sur reply. (Doc. 47, p. 1–3)

## II. ANALYSIS

While arguments raised for the first time in a reply brief are "generally waived," *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (citations omitted), Defendant did not raise new arguments in its reply brief. Defendant was clear throughout its Motion for Summary Judgment that any adverse employment action experienced by Plaintiff was unrelated to her claims under the ADA or FMLA, stating "the Defendant submits that the Plaintiff is unable to make a *prima facie* showing or bear her ultimate burden of proving FMLA interference and/or a claim of disability discrimination under the ADA." (Doc. 40-1, p. 1). Defendant included the February suspension letter as evidence and specifically stated that the suspension was in response to Plaintiff's failure to follow company policy. (Doc. 40-1, p. 6).

Following Plaintiff's clarification, Defendant merely refocused its argument from Plaintiff's termination to Plaintiff's suspension. Such arguments are within the acceptable scope of a reply brief, as they are in response Plaintiff's own arguments. *See* (Doc. 44); *Silo Restaurant Inc. v. Allied Property and Casualty Insurance Company*, 420 F. Supp. 3d. 562, 570 (W.D. Tex., 2019). In doing so, Defendant presented no new facts, evidence, or legal conclusions, other than those required by Plaintiff's Opposition. Plaintiff requests that the Court strike these arguments to

avoid prejudice to the Plaintiff, as "Plaintiff was not given the opportunity to address them in its response brief." (Doc. 45, p. 4). The Court agrees that if Plaintiff were unable to respond, she would be prejudiced. However, the appropriate remedy is to permit Plaintiff to file a surreply, rather than strike Defendant's arguments. Defendant does not oppose this remedy.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion** is **GRANTED IN PART**. Plaintiff shall file a surreply into the record by no later than seven days following the entry of this order.

**IT IS FURTHER ORDERED** that Plaintiff's request to strike Defendant's arguments is **DENIED**.

**IT IS FURTHER ORDERED** that the pretrial conference set for Thursday, January 28, 2021 is CONTINUED without date pending resolution of Defendant's Motion for Summary Judgment.

Baton Rouge, Louisiana, this 25th day of January, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**